**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>REALTY ONE GROUP, INC.,<br><br>_____<br><br>PAUL PRESTON,<br><br>         Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL FINANCIAL, INC., et al.,<br><br>         Defendants.<br>_____ | Case No. 2:12-cv-00797-KJD-PAL<br><br>**ORDER**<br><br>(Mot. Prot Ord - Dkt. #1)<br>(Mot. Mod. Subpoena - Dkt. #2)<br>(Mot. Stay Depo. - Dkt. #3) |

  This is an action involving a discovery dispute in Case No. CV-11-09746-DSF pending in the Central District of California between Paul Preston, Plaintiff, against Fidelity National Financial, Inc., et al., Defendants. Non-party Realty One Group, Inc. ("ROG") seeks a protective order or modification of a subpoena duces tecum issued in this district for discovery in the Central Cistrict case.

  The underlying action involves a complaint for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), violation of a California business and professional code section, declaratory relief and injunctive relief. The underlying complaint was filed as a class action lawsuit against Defendant Fidelity National, Inc. ("FNI") and some of its subsidiaries. The complaint alleges the Defendants have engaged in an illegal kickback scheme which was only recently discovered. The Plaintiff seeks to certify a class defined as persons and entities in the United States who received any real estate settlement service from any of the Defendants. Plaintiff also seeks to certify a subclass defined as persons and entities who purchased, received or acquired a home protection contract issued by Defendant Fidelity National Home Warranty Company between November 23, 2007, and the present.

1  A subpoena to testify at a deposition was issued in this district on April 4, 2012, at the request
2  of the Plaintiff in the Central District of California action. A copy of the subpoena is attached as
3  Exhibit "2" to the motion. The subpoena is directed to ROG c/o Glen Woods, and is a Rule 30(b)(6)
4  notice requiring ROG to designate one or more officers, directors or managing agents or other persons
5  who consent to testify on its behalf on the subject matters identified in Attachment "A" to the subpoena.
6  Specifically, the Plaintiff seeks testimony concerning:

    1. All facts relating to the receipt by YOU, including any of your owners, brokers, agents, employees and independent contractors of anything of value (other than a commissioned check for serving as buyer's or seller's agent) from any company that provides REAL ESTATE SETTLEMENT SERVICES.

    2. All facts regarding any services purchased by your brokers or agents from any company providing REAL ESTATE SETTLEMENT SERVICES (purchased by them for their own use, not their clients), and any waiver of premiums, fees, or costs that the broker or agent received.

    3. All facts regarding any payments YOU received from any company that provides REAL ESTATE SETTLEMENT SERVICES (or any person, company, or agent acting on behalf of any company that provides REAL ESTATE SETTLEMENT SERVICES) in exchange for YOU affording such company any preferred vendor status.

    4. All facts regarding any discounts, rebates, or waivers of fees YOU received from any company that provides REAL ESTATE SETTLEMENT SERVICES.

18  Attachment "B" to the subpoena duces tecum describes the documents ROG's designee is
19  commanded to produce, and generally corresponds to the subject matter of the testimony the Plaintiff
20  seeks.
21  After receiving the subpoena, counsel for ROG communicated with counsel for Plaintiff that
22  ROG had reviewed its files and determined that it had not entered into any agreements with the
23  Defendants and objected to the requests in a letter dated May 2, 2012. A second letter was sent by
24  counsel for ROG May 8, 2012, reaffirming its objections to the subpoena and advising counsel for the
25  Plaintiff that it's corporate representative would not be testifying at the scheduled May 18, 2012,
26  deposition about any relationship that ROG had or has had with non-Fidelity settlement service
27  providers.
28  Counsel for ROG argues that the only relevant discovery and testimony ROG has involve oral

and written communications ROG had with any of the Defendants in the underlying action. The court should therefore order that the scope of the deposition be limited to requests for information of documents related to the Defendants, and that Plaintiff be precluded from questioning ROG's representative about agreements with other settlement service providers. ROG argues that this information is confidential and not calculated to lead to the discovery of admissible evidence, and that ROG's representative will testify that it did not enter into any agreement with any of the Defendants. Under these circumstances, the court should issue a protective order. Counsel for ROG acknowledges that the party seeking a protective order bears the burden of showing good cause, but argues irrelevance of the proposed discovery satisfies the good cause requirement of Rule 26(c), citing, *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994).

Counsel for the Plaintiff in the underlying action ("Preston") opposes the motion. Preston claims that when he closed escrow on his home in March 2011, he paid an inflated price for real estate settlement services provided by Fidelity National Financial, Inc., and its subsidiaries. The inflated price was caused by Fidelity's payments of kickbacks to real estate agents in violation of RESPA. He alleges Fidelity tried to conceal the kickbacks for years, but admitted entering into service agreements with real estate agents during a campaign to lobby the United States Department of Housing and Urban Development ("HUD") to relax its efforts to enforce RESPA. When Fidelity's scheme was uncovered, it paid a 4.4 Million Dollar fine to settle HUD's charges of RESPA violations. Fidelity's motion to dismiss the Central District of California action for overcharges was denied, and the presiding judge ordered the parties to conduct discovery.

The subpoena duces tecum was issued to facilitate discovery in the underlying action. Preston seeks documents and testimony from ROG, a large regional real estate office, because Preston is informed that ROG previously participated in illegal kickback schemes with real estate settlement service providers. Thus, ROG has valuable information regarding Fidelity's illegal kickback scheme, the illegal kickback schemes of Fidelity's competitors, and the structure of kickback schemes in the real estate industry.

Preston argues the court should deny the motion for protective order because ROG waived all objections to the document requests by failing to serve objections within fourteen days after service of

Case 2:12-cv-00797-KJD-PAL   Document 15   Filed 06/11/12   Page 4 of 5

the subpoena, and because relevancy objections to a deposition are rarely upheld. Rule 26(b)(1) allows broad discovery, and it is clear that a subpoena issued pursuant to Rule 45 permits the same scope of broad discovery allowed under Rule 26(b)(1). Citing *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993), Preston argues that discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.

Preston argues that ROG acknowledges that it has entered into kickback arrangements with other real estate settlement service providers. However, even if ROG has not entered into illegal kickback arrangements with Fidelity, kickback arrangements with Fidelity's competitors is relevant to Preston's litigation for several reasons. Specifically, (1) ROG's kickback arrangements with other real estate service providers may reveal Fidelity's knowledge of its competitor's kickback arrangements; (2) whether kickback agreements are an industry standard; whether Fidelity models its own kickback agreements after its competitors agreements; (3) why Fidelity chose to enter into kickback agreements with certain real estate offices and not other offices; (4) whether the kickback agreements are exclusive; (5) how the kickback agreements are drafted; and (6) how the kickback agreements are negotiated.

ROG replies that on June 1, 2012, the presiding judge in the underlying action stayed discovery in this case. Thus, this court should hold decision on Plaintiff's subpoena and ROG's motion in abeyance until the discovery stay is lifted by the California court. Staying action on this motion will conserve the resources of the parties in the underlying action, the court, and movant, especially if the decision in the Central District renders further proceedings in this court unnecessary. However, on the merits, movant argues Plaintiff's opposition consists of undocumented, unsworn hearsay. Second, ROG's opposition to the subpoena is primarily based on its arguments that the testimony and documents demanded involve the confidential commercial information of non-parties which are not likely to lead to admissible evidence. Additionally, ROG did not move to quash the subpoena, only to limit its scope. Finally, ROG vigorously objects to Plaintiff's "most offensive misrepresentation" suggesting that ROG acknowledges it has entered into kickback arrangements with other real estate settlement service providers. Counsel for ROG indicates ROG has never stated or implied any such arrangements.

On June 1, 2012, the presiding judge in the underlying action granted Defendants' motion for stay of discovery. In light of the stay,

**IT IS ORDERED** that:

1. Realty One Group, Inc.'s Motion for Protective Order (Dkt. #1), Motion to Modify the Subpoena (Dkt. #2), and Motion to Stay Deposition (Dkt. #3) are **DENIED without prejudice**.
2. This action shall be administratively closed.
3. If the district judge in the underlying action lifts the stay of discovery, movant Realty One Group, Inc., and/or Preston shall forthwith notify this court and request that this case be reopened, and that the matter be set for hearing. No further briefing shall be required unless an order of the court in the underlying action affects the parties' respective positions.
4. The hearing scheduled for Tuesday, June 12, 2012, is **VACATED**.

Dated this 11th day of June, 2012.

_____
Peggy A. Leen
United States Magistrate Judge